UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | No. 3: 19-cr-64-19 |
| v. | : | |
| EMILIO RODRIGUEZ | : | |
| Defendant. | : | August 10, 2020 |

RULING AND ORDER
DENYING DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE
[ECF NO. 1140]

Before the Court is Emilio Rodriguez's Motion for Compassionate Release. [ECF No. 1140]. Mr. Rodriguez, currently incarcerated at Wyatt Detention Center and with a projected release date of October 2021, seeks compassionate release based on his risk of complications should he contract COVID-19. The Government opposes his motion. [ECF No. 1147]. Mr. Rodriguez replies. [ECF No. 1188]. For the reasons set forth below, the Court denies Mr. Rodriguez's motion.

I.      Case Background

On October 17, 2019, Mr. Rodriguez pleaded guilty to conspiracy to distribute a controlled substance in violation of 21 U.S.C. 846. [ECF Nos. 676, 679]. On February 12, 2020, the Court sentenced him to 37 months' incarceration, three years of supervised release, and a special assessment of 100 dollars. [ECF No. 960]. Mr. Rodriguez is currently incarcerated at Wyatt Detention Center. He has been in custody for fourteen and a half months, and his estimated release date is October 23, 2021. Inmate Locator: Emilio Rodriguez, 26250-014, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/.

Mr. Rodriguez is 26 years old. [ECF No. 891 (Presentence Investigation Report) 2]. He is blind in his left eye. *Id.* ¶62. He has reported that he suffered from asthma and could not see out of his left eye. [ECF No. 1142 (Med. R.) 1, 7, 17]. Mr. Rodriguez has major depression. *Id.* at 16, 34, 35, 92, 98. Mr. Rodriguez has had COVID-19. *Id.* at 40.

## II.     Legal Standard

Under the First Step Act of 2018, federal prisoners may petition courts directly for reduction of their sentences, and judges may grant such requests if "extraordinary and compelling reasons" support reduction. *See* First Step Act of 2018, Section 603(b), Pub. L. 115- 391, 132 Stat. 5194 (2018) (amending 18 U.S.C. § 3582(c)(1)(A)(i)) ("First Step Act"). 18 U.S.C. § 3582(c)(1)(A) now authorizes a court to modify a term of imprisonment "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Where this exhaustion requirement is met, a court may reduce the defendant's sentence if it finds that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* The Court must also consider "the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." *Id.* "The defendant bears the burden of showing that she is entitled to

a sentence reduction." *United States v. Gagne*, No. 3:18-CR-242 (VLB), 2020 WL 1640152, at *3 (D. Conn. Apr. 2, 2020).

III.   Analysis

A. *Authority to Decide*

Emilio Rodriguez requested that the Warden provide him with the documents necessary to request compassionate release. The Warden responded, "Sir, I have no authority to approve releases. This process has to go through the courts and your attorneys." [ECF 1140-2 (Ex. 2: Request to Warden)].

The Court finds that Mr. Rodriguez's motion is properly before the Court since he has exhausted available appeals of the administrative denial of his request for compassionate release. *See United States v. Jepsen*, No. 3:19-CV-00073(VLB), 2020 WL 1640232, at *2 (D. Conn. Apr. 1, 2020) (finding defendant was "essentially caught in a "Catch-22"; neither the warden at Wyatt nor the BoP will consider his request because of his designation to Wyatt, a non-BoP facility"); *Ross v. Blake*, 136 S. Ct. 1850, 1858 (2016) ("An inmate ... must exhaust available remedies, but need not exhaust unavailable ones.").

B. *"Extraordinary and Compelling Reason"*

At Congress's direction, the U.S. Sentencing Commission promulgated guidance on the circumstances constituting "extraordinary and compelling" reasons. *See* 28 U.S.C. § 944(t); U.S.S.G. 1B1.13. The U.S. Sentencing Commission has not updated its guidance since the enactment of the First Step Act. *See* U.S.S.G. 1B1.1 (Nov. 1, 2018). The Application Notes to U.S.S.G. § 1B1.13 explain

that a defendant's medical condition may constitute "extraordinary and compelling" circumstances when:

> **(A) Medical Condition of the Defendant.--**
>
> > **(i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.**
>
> **[or]**
>
> > **(ii) The defendant is--**
> >
> > > **(I) suffering from a serious physical or medical condition,**
> > >
> > > **(II) suffering from a serious functional or cognitive impairment, or**
> > >
> > > **(III) experiencing deteriorating physical or mental health because of the aging process,**
> >
> > **that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.**

U.S.S.G. 1B1.13, Commentary Application Note 1(A). Any "other" "extraordinary and compelling reason" may also justify relief. *Id.* at Commentary Application Note 1(D).

An inmate's chronic medical condition that elevates his risk of becoming seriously ill from COVID-19 according to the CDC may be such an extraordinary and compelling reason. *See Jepsen,* 2020 WL 1640232 at*4, *United States v. Sanchez*, No. 18-CR-00140-VLB-11, 2020 WL 1933815, at *5 (D. Conn. Apr. 22, 2020) (collecting cases). But, "the mere existence of COVID-10 in society and the possibility that it might spread to a particular prison alone cannot independently

justify compassionate release." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).

Here, Mr. Rodriguez has not demonstrated that his susceptibility to COVID-19 is an "extraordinary and compelling reason" for his release.  First, Mr. Rodriguez has tested positive for the coronavirus. [ECF No. 1142 at 40]. A number of district courts in the Second Circuit have found an inmate's positive test undermines his case for compassionate release on the basis of his susceptibility to COVID-19 because the main point of releasing an individual is to decrease the person's chance of contracting COVID-19. For instance, in *United States v. Russo*, the district court found that there would have been an extraordinary and compelling reason to release the defendant based on his risk of contracting COVID-19, but that, since the defendant had contracted it, the "Court cannot say that Mr. Russo— or other federal prisoners—would be made safer by Mr. Russo's transfer to a halfway house."  No. 16-CR-441 (LJL), 2020 WL 1862294 (S.D.N.Y. Apr. 14, 2020); *see United States v. Zubkov*, No. 14-CR-773 (RA), 2020 WL 2520696, at *1 (S.D.N.Y. May 18, 2020).

Even if Mr. Rodriguez's previous case of COVID-19 does not confer long-term immunity, and, as Mr. Rodriguez's girlfriend reports, he re-contracted it, [ECF No. 1140 at 15], his previous experience gives the Court some reason to believe that if he is re-infected in the future, his case will not be life-threatening or life-changing.

Putting to the side his experience with COVID-19, Mr. Rodriguez also has not provided evidence that his age or medical conditions put him at particular risk of a

serious case of COVID-19. Mr. Rodriguez is 26 years old. [ECF No. 891 at 2]. He is blind in his left eye. *Id.* ¶62. He has reported that he suffered from asthma. [ECF No. 1142 (Med. R.) 7.17]. He has major depression. *Id.* at 16,  34, 35, 92, 98.

The Court first considers Mr. Rodriguez's asthma. The Centers for Disease Control (CDC) has stated that people with "asthma (moderate-to-severe)" "might be at an increased risk for severe illness from COVID-19." *People with Certain Medical Conditions*, Centers for Disease Control and Prevention (July 30, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html. Although Mr. Rodriguez self-reported asthma to the staff at Wyatt, he has not provided any evidence that it is "moderate to severe." Mr. Rodriguez did not report his asthma to Probation during his pre-sentence interview, [ECF No. 891], and his records do not contain any indication that he has been prescribed treatment. [ECF No. 1142]; *see United States v. Quintana*, No. 3:18-CR-216-VLB, 2020 WL 3446115, at *3 (D. Conn. June 24, 2020) (collecting cases), *rev'd on reconsideration on other grounds,* No. 3:18-CR-216-VLB, 2020 WL 3475216 (D. Conn. June 25, 2020).

Other than asthma, none of Mr. Rodriguez's conditions are recognized by the CDC as putting him at greater risk from COVID-19. *People with Certain Medical Conditions*, Centers for Disease Control and Prevention (July 30, 2020). Mr. Rodriguez argues that the Court should recognize an inmate's psychological illness as a risk factor for COVID-19, but he cites no medical evidence nor any opinion by a district court in this Circuit. Instead, district courts in this Circuit have found that psychological illness is not a risk factor for COVID-19. *See e.g., United*

*States v. Zehner*, No. 19 CR. 485 (AT), 2020 WL 1892188, at *2 (S.D.N.Y. Apr. 15, 2020) (denying motion for compassionate release to prisoner with depression as he had not shown that he is at heightened risk for severe illness from COVID-19).

Therefore, the Court finds that Mr. Rodriguez has not shown that his medical conditions constitute an "extraordinary and compelling reason" for his release.

As of the date of this order, only one detainee at Wyatt is actively testing positive for COVID-19. *In Re: Donald W. Wyatt Detention Center*, No. 1:20-mc-4 (JJN) ("*In re: Wyatt*"), ECF No. 35 at 1 (D.R.I. August 6, 2020). Wyatt has implemented an array of protocols to prevent the spread of COVID-19. *Id*The protocols implemented at Wyatt have proven highly successful, demonstrating its ability to meet the medical needs of inmates during the coronavirus pandemic. Finally, the number of COVID-19 cases and fatalities in the state where Mr. Rodriguez is housed have declined to a small fraction of those at the height of the pandemic in the Northeast. *See* Rhode Island Department of Health, COVID-19 Data Tracker: Fatality Data, https://ri-department-of-health-covid-19-response-testin-2f837-rihealth.hub.arcgis.com/ (last visited August 10, 2020). These conditions additional count against finding an exceptional and compelling reason for release. *Cf. United States v. Norris*, No. 3:18-CR-243-SRU, ECF No. 37 (D. Conn. Apr. 16, 2020) (Underhill, C.J.) ("[Defendant] suffers from asthma and uses an Albuterol inhaler to treat his symptoms. . . . [H]is medical condition and current conditions of confinement constitute extraordinary and compelling reasons to reduce his sentence.").

I.      **Conclusion and Orders**

For the reasons above, the Court denies Mr. Rodriguez's motion for compassionate release.

**IT IS SO ORDERED.**

_____/s/_____
**Hon. Vanessa L. Bryant**
**United States District Judge**

**Dated this day in Hartford, Connecticut: August 10, 2020**